UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONNIE LYNN WALLACE,
ADC #140378                                                                                      PLAINTIFF

V.                                       5:15CV00341 KGB/JTR

JOSHUA K. MAYFIELD,
Administrator, Cummins Chaplain Services, et al.                          DEFENDANTS

## RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Discussion

Plaintiff, Donnie Lynn Wallace, is a prisoner in the Cummins Unit of the Arkansas Department of Correction. He has filed this *pro se* action alleging that Defendants violated the free exercise and establishment clauses of the First Amendment when they forced him to shave his beard and cut his hair in violation of his religious beliefs. *Docs. 3 & 9.*

Plaintiff has recently filed a Motion asking the Court to enjoin Defendants from transferring him to another prison or placing him in administrative segregation in retaliation for him filing this lawsuit. *Doc. 11.* That request should be denied for several reasons.

First, the purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* Here, Plaintiff has not established a relationship between his speculative fear of a retaliatory housing assignment and the conduct asserted in his Complaint (i.e., violation of his religious rights). *See, e.g., Devose*, 42 F.3d at 471 (affirming the denial of a prisoner's request for a preliminary injunction because his allegations of recent retaliation for

filing the lawsuit were "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (Sept. 18, 2008) (unpublished opinion) (affirming the denial of a prisoner's request for a preliminary injunction because "the relief sought was unrelated to the allegations in his [§ 1983] complaint").

Additionally, Plaintiff has not demonstrated that he will prevail on the merits of his religion claims or that he will be irreparably harmed if the Court does not grant the requested preliminary relief.[1] *See Arnzen v. Palmer,* 713 F.3d 369, 372 (8th Cir. 2013) (explaining that, when deciding whether to grant a prisoner preliminary injunctive relief, a court must consider the threat of irreparable harm to the movant and the likelihood of success on the merits).

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for a Preliminary Injunction *(Doc. 11)* be DENIED.

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Partial Disposition would not be taken in good faith.

---

[1] If Defendants do, in fact, retaliate against Plaintiff for pursuing this lawsuit, he must raise that retaliation claim in a new, *separate* § 1983 Complaint filed after he has fully exhausted his administrative remedies within the ADC. *See* 42 U.S.C. § 1997e; *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

Dated this 14th day of December, 2015.

                                          /s/ J. Thomas Ray
                                    UNITED STATES MAGISTRATE JUDGE